## DUNLAP v. DENNISON LUMBER CO.

Ohio Appeals, 5th Dist., Tuscarawas Co.

No. 319. Decided July 26, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**480. EVIDENCE.**

Error to admit written statement made long prior to testimony at trial, not made under oath, with no opportunity to cross-examine, for purpose of determining whether statements made on witness stand were different, and for testing credibility of witness.

Error to Common Pleas.

Judgment reversed.

W. S. English, New Philadelphia, and W. B. Stevens, Uhrichsville, for Dunlap.

Wilkin, Fernsell, Fisher & Limbach, New Philadelphia, for Lumber Co.

## STATEMENT OF FACTS.

On or about the 4th day of December, 1923, Dunlap gave to the Lumber Co. a promissory note for $2,000. On or about December 7, 1923, he gave another note to the Lumber Co. for the same amount and embodying the same terms. The note dated December 4th, was discounted at the bank, and was later paid by Dunlap.

On March 19, 1926, the Lumber Co. took a cognovit judgment on the note dated December 7th, for the principal and interest then appearing due thereon.

This judgment was set aside by the Common Pleas, and leave was given to Dunlap to file an answer in the case. In the answer Dunlap avers that the note dated Decem... upon which this suit is based, was ex... and delivered to the plaintiff as a duplicate for the note dated December 4th, upon the request of the plaintiff and after he had represented to defendant that the note dated December 4th had been lost; that, by reason of the fact that the note dated December 4th had been paid, the note herein sued upon is void and of no effect. To this answer the plaintiff filed its reply, denying that the note dated December 7th was issued as a duplicate of the note of December 4th. Upon the issues thus joined, the case was tried in the Common Pleas and submitted to a jury which returned a verdict for the defendant.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HOUCK, J.

We have read all of the testimony offered in the trial and examined and analyzed the questioned Exhibit No. 3, which reads:

"Dennison, Ohio, March 30, 1926. Statement of Margaret Feeney.

I, Margaret, Feeney, recall that in December, 1923, S. B. Boyce, Treas. of The Dennison Lumber Company, issued to S. P. Dunlap a note for $2,000 in payment of money due him on Company houses No. 1 and No. 2 which he was building under Contract. I also recall that two or three days later Mr. Dunlap reported to Mr. Boyce that he had lost or misplaced the note given him and Mr. Boyce issued another note for the same amount to take the place of the one that was lost. This is a true statement and I remember the transaction well.

Witness: S. B. Boyce.

(Signed) Margaret Feeney."

In admitting the exhibit, the trial judge said to the jury:

"I will admit Exhibit No. 3 for this purpose only. The jury will remember that this witness, Margaret Feeney, was cross-examined as to conversations recently with Mr. Limbach and Mr. Fisher and Mr. Boyce and it is admitted for the purpose only of the jury considering whether or not the statement made by her at this time, March 30, 1926, in writing, is any different from what her statement was today in this respect. In other words, was her statement today on her cross-examination any different from what her statement was at the time this statement was purported to have been given, to-wit: March 30, 1926. That is the only purpose for you to consider it. Not as evidence in the case but as reflecting on whether or not her testimony today is any different from what it was at that time, and for that purpose too reflecting upon the credibility of her testimony if you find there is any difference."

It must be remembered that the one issuable and disputed question of fact, which is in controversy in this law suit and is determinative of the case is:

Was or was not the note in suit given in lieu of the first note which was paid by the defendant?

(Continued on Page 164)

# UBLISHER'S COLUMN

# ᵣᵢe Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio under the Act of March 3, 1879.

Issued Every Saturday       50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in Advance ........................................ $15.00

Discount for advance payment $3.00, making the net price ...................................... 12.00

Including Quarterly Digest, to paid subscribers, no extra charge.

Including Binding of Weekly Parts at end of year, if paid in advance, net........................ 13.50

Including One Annual Digest, at end of year, and binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers ................................ .85

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager

Jay F. Laning.........................Business Director

Sheldon R. Laning....................Editorial Director

(Continued from Page 163)
We are unanimous in our conclusion that the trial judge committed prejudicial error in admitting in evidence Exhibit No. 3.

However, the real mischief was in the court's statement to the jury as to the purpose of admitting said exhibit and to what extent it might be considered by it.

The contents of the exhibit was in the nature of a self-serving statement in behalf of the witness, Feeney, and which was not made under oath. It will be conceded that her deposition, under the circumstances, would not have been admissible as evidence.

Then under what reasonable rule pertaining to the admission of evidence in a trial is the consistent statement of the witness Feeney, made long prior to her testimony at the trial and which is the same as her oral testimony, competent to go to or be considered by the jury?

Yet, this written statement, not made under oath and with no opportunity to cross-examine or interrogate the author of same, by those of adverse interest, is permitted to go to the jury and be read and considered by it in the jury room.

And the trial judge said to the jury, it was admitted for the purpose of determining whether or not her statement made on the witness stand was different from that made in the written document some months before, not as evidence but as reflecting on whether or not her testimony given orally was different from that contained in the writing; and for the purpose of reflecting upon her testimony, if you find any difference.

The legal effect of this instruction being that if the jury found both statements the same, then in that event she was a truthful witness.

Under the record in the present case, we are fully convinced that for the errors herein pointed out and the reasons given for same, that the judgment of the lower court should be reversed and the cause remanded.

(Shields, J. and Lemert, J., concur.)